IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

*In re:*

|                              |   |                    |
|------------------------------|---|--------------------|
|                              | * |                    |
| JOSEPH SCOTT RALEY AND       | * | Case No. 20-10482  |
| KAREN SUE RALEY,             | * | Chapter 7          |
|                              | * |                    |
| Debtors.                     | * |                    |

## <u>MEMORANDUM ORDER AND OPINION</u>

This matter came before the Court on the Motion of Wolf Pup, LLC, Galapagos, LLC, Beowulf, LLC, and Robert L. Wiggins, Jr. ("Movants") for relief from the automatic stay (doc.58) to proceed with a state and federal lawsuit against the Debtor, Joseph Scott Raley ("Raley"), and Raley's Response (doc.67) as amended (doc.86) as well as Movants' Motion for Extension of Time to File Objection to Dischargeability (doc.59), and Raley's Response thereto (doc. 66). Proper notice was given and appearances were noted on the record. Having considered the pleadings, the exhibits, the Stipulation of Facts, the Briefs, the Record, and the arguments of counsel, the Court finds that the Motion for Relief is MOOT and GRANTS the Motion to Extend for the reasons below.

### *JURISDICTION*

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 1334 and 157, and the Order of Reference of the District Court dated August 25, 2015. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A)( G) and I.

## PROCEDURAL HISTORY

The Debtors, Joseph Scott Raley and Karen Sue Raley filed their Petition for Relief under Chapter 7 of the Bankruptcy Code on February 12, 2020.  Notice of the Debtors' bankruptcy filing was transmitted to the persons and entities listed on the Creditors Matrix including: Wolf Pup, LLC, Galapagos, LLC, Beowulf, LLC, and Robert L. Wiggins, Jr. ("Movants"). (Doc. 9).  A subsequent notice sent to creditors set a June 5, 2020 deadline to object to discharge or challenge whether certain debts are dischargeable. (Doc. 21).  At the request of the Chapter 7 Trustee,  Lynn Andrews, a Notice of Assets and Deadline to File Claims was transmitted to creditors including the Movants on May 6, 2020. (Doc. 47).  The Movants have not filed a proof of claim and the deadline to do so has expired.

The Movants filed their Motion for Relief  (doc. 58) and Motion for Extension of Time to File Objection to Discharge or Adversary Proceeding (doc. 59) on June 5, 2020.  Both Motions were initially set for hearing on June 23, 2020. The hearings were continued multiple times for various reasons including the filing of additional pleadings and exhibits and requests of counsel. In lieu of a full hearing, the Court heard oral arguments and counsel agreed to submit a joint stipulation of facts.  Counsel submitted a Stipulation (doc. 154, 161) stating that the parties could not agree on all pertinent facts and requesting more time to brief their positions. The supplemental briefing was submitted on August 23, 2021. The Court thereafter took the Motions under advisement. The Debtors subsequently received a discharge under §727(a) of the Bankruptcy Code on September 14, 2021.  (Docs.162, 163).

## FINDINGS OF FACT

The Motion for Relief seeks to have the automatic stay lifted for Movants to proceed with two pre-petition lawsuits, specifically, *Galapagos, LLC, et al. v. Vision Bank, et al.,*[1] ("Federal Case") and *Beowulf, LLC*[2]*, and Wolf Pup, LLC vs. Scott Raley et al.;*[3] ("Jefferson County Lawsuit"). The relevant facts of the Federal Case are: (1) Galapagos, LLC, Beowulf, LLC, Robert L. Wiggins and Ann Wiggins instituted the litigation against Raley and other Defendants on May 19, 2009 (doc.154 at 5); (2) the claims against Raley assert violations of Federal Securities Laws, common law fraud, deceit, or manipulation in connection with the purchase or sale of a security as those terms are used in 11 U.S.C. §523(a)(19)(A) (*Id.*); (3) extensive discovery was conducted (*Id.* at 10); (4) the Federal Court stayed the May 5, 2014 trial based on a ruling entered April 29, 2014 in a Baldwin County Case which it determined could impact the findings in the Federal Case and an anticipated appeal of that ruling (doc 154, 8-9); and (5) the matter is still pending (doc. 154 at 10).[4]

The relevant facts of the Jefferson County Lawsuit are: (1) Beowulf, LLC and Wolf Pup, LLC initiated the action July 27, 2009; (2) the complaint listed Raley and others as defendants; (3) it alleges violations of the Alabama Securities Act and the Federal Securities Act of 1933, negligence, conversion, fraudulent inducement, fraudulent suppression, conspiracy to commit fraud, damages for violation of the Alabama Condominium Act, and common law indemnification; (4) Raley asserts he was dismissed from the action for lack of service by Order entered on November 6, 2012 (Debtor's Exhibit 9A); and (5) the Movants contend that Raley is a

---

[1] United States District Court for the Northern District of Alabama Civil Action No. 2:09-0978-LC
[2] Beowulf owns an interest in Wolf Pup. Robert L. Wiggins, Jr. ("Wiggins") together with his spouse, owns 100% of Beowulf and was formerly a plaintiff in the Federal Case
[3] Circuit Court of Jefferson County Civil Action No. CV-2009-902410
[4] Incidentally, the Baldwin County Case was later settled and dismissed on February 23,2015. (Doc 154 at 3).

party to the litigation based on subsequent participation in the case including the filing of a Notice of Insolvency and a Motion to Stay by Attorney McKerrall, on behalf of "Scott Raley, Joe Raley Builders, Inc., Builders Risk, LLC, and Raley Builders, LLC. This Court does not make any substantive findings on the merits of the non-bankruptcy litigation or whether Raley is a proper party to the Jefferson County Litigation.

## ISSUES

The issues presented are: (1) Whether the automatic stay should be modified to allow Movants to proceed with pre-petition litigation in another forum; and (2) Whether the time for Movants to file a dischargeability complaint should be extended.

## *CONCLUSIONS OF LAW*

### *The Motion for Relief is Mooted by Entry of the Discharge Order*

Absent a statutory exception, the filing of a bankruptcy petition, automatically creates a stay applicable to all entities of ". . .the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case . . ." 11 U.S.C. §362 (a)(1). That said, the automatic stay does not remain indefinitely. Section 362 provides:

> (1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate;
> (2) the stay of any other act under subsection (a) of this section continues until the earliest of--
> (A) the time the case is closed;
> (B) the time the case is dismissed; or

4

(C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied; . . .

11 U.S.C.§362 (c).

Under the plain language of §362, although the stay of an act against property of the estate continues until such property is no longer property of the estate, the stay of any other act under subsection (a) is lifted when a Chapter 7 discharge is granted. See *In re Cardillo*, 172 B.R. 146 (Bankr. N.D. Ga. 1994)(finding that the automatic stay, unless terminated by another enumerated event or court order, remains in effect until a discharge of the debtor is granted or denied); *In re Rodriguez*, 9 B.R. 643 (Bankr. S.D. Fla. 1981)(recognizing that a stay continues only until the earliest of the time when the case is closed, dismissed or a discharge is granted to the debtor); *In re Morris*, 430 B.R. 824 (Bankr.W.D. Tenn. 2010) (noting that the protections of the automatic stay continue until such time as the chapter 7 discharge is issued).

The Movants have sought relief from the automatic stay to proceed with the Federal Case and the Jefferson County Litigation on the grounds that: (1) Section 523(a)(19) requires securities claims to be litigated in a non-bankruptcy forum; and (2) other cause exists to grant relief. While the Movants arguments would be entitled to full consideration under different circumstances, the Court need not make such determinations at this juncture. During the pendency of the Motion for Relief, the Debtors were granted a discharge. (Docs 162,163). Thus, the automatic stay no longer applies to any act under Section 362(a) other than an act against property of the estate. As the Court does not construe the Movants' request to seek relief to pursue Property of the Estate, the Debtors' discharge renders the Movants' Motion for Relief Moot.

5

_Sufficient Cause Exist to Extend the Time to File a Dischargeability Complaint_

The Bankruptcy Code provides that the court may extend the time to object to discharge or dischargeability "for cause". _Fed R. Bankr. P._ 4007(c); _In re Tumbleson_, 596 B.R. 913 (Bankr. N.D. Fla. 2018). "Cause" is not defined in the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure; therefore, the determination is committed to the Court's discretion. _In re Ballas,_ 342 B.R. 853 (Bankr. M.D. Fla. 2005); see also _In re Stonham_, 317 B.R. 544 (Bankr.D.Colo.2004); _In re Farhid_, 171 B.R. 94 (N.D.Cal.1994). Courts have addressed factors helpful in the determination of cause including: (1) whether the debtor refused in bad faith to cooperate with the creditor; (2) whether the creditor had sufficient notice of the deadline and the information to file an objection; (3) the possibility that the proceedings pending in another forum will result in collateral estoppel on the relevant issues; (4) whether the creditor exercised diligence; and (5) the complexity of the case. _Id._; See also _In re Benedict_, 90 F.3d 50 (2d Cir.1996); _In re Weinstein_, 234 B.R. 862 (Bankr.E.D.N.Y.1999); _In re Mendelsohn_, 202 B.R. 831 (Bankr.S.D.N.Y.1996).

An overall assessment of the facts in this case supports extending the time to file a dischargeability complaint under §523(a)(3). The first factor weighs in favor of Raley because there is no allegation or indication that he acted in bad faith or failed to cooperate with the creditors in the context of this bankruptcy. Secondly, although the Movants received sufficient notice of the objection deadline, since they moved to extend within the time prescribed thereby and also filed a Motion for Relief, the Court considers that factor neutral. The Movants contend that due to the pendency of the non-bankruptcy litigation, they could not: (a) fully assess whether it would

6

be necessary to file a complaint or objection to dischargeability; or (b) formulate the grounds for such a complaint or objection until they received a ruling on the Motion for Relief.

The Federal Case and Jefferson County Lawsuit have been pending since 2009 and substantial discovery was conducted prior to the bankruptcy. Thus, Raley's argument that the Movants have had sufficient time to assess and articulate what if any potential claims could be brought in a non-dischargeability action is understandable. That said, the Court also acknowledges that: (1) some degree of complexity exists based on the nature of the claims asserted and the various forums in which the matters are pending; and (2) a ruling on the Motion for Relief could affect the manner in which the Movants are able to proceed with their potentially non-dischargeable claims. Notwithstanding the forgoing, the Court also recognizes the importance of the timely and efficient administration of bankruptcy matters and that the state and federal court litigation has progressed at a rate slower than typically observed. Therefore, upon considering all the facts and circumstances and balancing the equities, the Court determines that allowing a short extension of time is appropriate so that the Movants are not prejudiced by filing and awaiting a ruling on the Motion for Relief. The Court however declines to allow the lengthy extension requested. If the Movants find it necessary and appropriate to file an adversary proceeding challenging dischargeability of their debts under §523(c), they must do so within thirty (30) days from the date of this Order.

## <u>CONCLUSION</u>

Based on the foregoing, the Court finds that the Movants' Motion for Relief is MOOT and GRANTS the Motion to Extend Time to allow the Movants thirty (30) days from the date of this Order to file a dischargeability complaint.

Dated:  November 2, 2021

_____
JERRY C. OLDSHUE, JR.
U.S. BANKRUPTCY JUDGE